UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| Thomas Richardson, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:14-cv-1250 |
| -v- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| Carmen Palmer, | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Thomas Richardson, a Michigan prisoner, filed a petition under 28 U.S.C. § 2254 challenging his state court conviction. United States Magistrate Judge Ellen Carmody issued an exhaustive, 211-page Report and Recommendation (R & R) concluding that the petition should be denied but recommending that a certificate of appealability be granted as to Petitioner's claims of prosecutorial misconduct. (ECF No. 27.) The matter is now before the Court on Plaintiff's objections (ECF No. 29) and Plaintiff's supplemental objections (ECF No. 34.)

### Statement of Facts

Petitioner takes no issue with the facts as summarized by the magistrate judge. Because he lodges objections only to legal conclusions, the Court adopts the magistrate judge's summary of the facts contained in the R & R.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R & R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings

and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "Objections" that merely voice disagreement with the recommendations of the magistrate or summarize what has already been presented are not entitled to de novo review under Rule 72. *See Brown v. City of Grand Rapids*, 2017 WL 4712064 (6th Cir. 2017)

Analysis

Petitioner's objections have simply not given the Court anything to consider. Petitioner argues forcefully that the Court must construe his objections with all liberality, but there is nothing to construe. His only substantive critique of the R & R is found on Page 2 of his initial objections. (ECF No. 29 at PageID.11658.) There, Petitioner indicates that he agrees with the magistrate judge that "the totality of the record exposes a great deal of

prosecutorial misconduct." (ECF No. 29 at PageID.11658.) But Petitioner has not made any other cognizable objections for review.

Accordingly, the Court **ADOPTS** Judge Carmody's well-reasoned and all-encompassing R & R as the Opinion of the Court.

Therefore, the petition for a writ of habeas corpus is **DENIED.**

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

Here, the Court concurs with the Magistrate Judge's recommendation that reasonable jurists could debate whether the alleged prosecutorial misconduct Petitioner experienced resulted in a deprivation of due process.

3

Accordingly, a Certificate of Appealability is **GRANTED**, solely as to Petitioner's prosecutorial misconduct claims. With respect to any other claim, a certificate of appealability is **DENIED**.

Judgment will enter separately.

**IT IS SO ORDERED.**

**Date:**  March 16, 2018              /s/ Paul L. Maloney  
                                      Paul L. Maloney  
                                      United States District Judge